UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 3:13-CV-000879

KENTUCKY LABORERS DISTRICT COUNCIL,
KENTUCKY LABORERS DISTRICT COUNCIL
HEALTH AND WELFARE FUND, KENTUCKY
LABORERS' DISTRICT COUNCIL TRAINING
FUND, KENTUCKY LABORERS EMPLOYER'S
COOPERATION AND EDUCATION TRUST FUND,
LABORERS NATIONAL PENSION FUND, and
LABORERS INTERNATIONAL UNION OF NORTH
AMERICA, LOCAL 576,                                                                                  Plaintiffs

v.

PARRICK MICHAEL GROUP, INC.                                                                  Defendant

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiffs' Motion to Compel Audit. (Docket No. 10). The time for Defendant to respond has passed. For the following reasons, Plaintiff's Motion to Compel Audit is **GRANTED**.

### BACKGROUND

Plaintiffs brought suit "pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. §185, and also Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132, to compel Defendant to comply with the aforesaid Acts and the payments required under its Collective Bargaining Agreement." (Docket No. 1). On January 27, 2014, this Court entered an Entry of Default, as the Defendant failed to file a responsive pleading or make any appearance or response to the summons. (Docket No. 7). Plaintiffs now ask the Court to compel an audit. (Docket No. 10). Plaintiffs allege that "[t]he Defendant has refused to provide any information despite repeated requests" and despite being "required to allow for payroll audits as a part of its obligations under the Collective Bargaining Agreement to

1

which it is signatory." *Id.* Additionally, "[t]he Plaintiff is unable to move for Default Judgment without an audit and a determination of the exact amount of funds owed." *Id.*

## DISCUSSION

Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), gives plan fiduciaries the power to seek equitable relief for a violation of a trust fund agreement or for a violation of an ERISA provision. The Act provides, "[i]n any action under this title by a fiduciary for or on behalf of a plan . . . in which a judgment in favor of the plan is awarded, the court shall award the plan . . . such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). "The Supreme Court has held that under ERISA, a pension fund may be granted injunctive relief ordering an audit of any payroll, tax and personnel records needed to accurately administer the fund." *Hotel Employees and Restaurant Employees International Union Welfare/Pension Funds v. Caucus Club, Inc,.* 754 F. Supp. 539, 545 (E.D. Mich. 1991).

Therefore, as authorized by ERISA, the Court orders Defendant to permit Plaintiffs to conduct an audit to determine the amount of funds owed and to permit compliance with the Court's previously issued Entry of Default.

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Audit, (Docket No. 10), is **GRANTED**.